IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS LEON FLATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-206-JFH-GLJ |
| ) | |
| KEVIN CLARDY, in his official ) | |
| Capacity as McCurtain County ) | |
| Sheriff, and MIKE O'NEAL, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff, Douglas Leon Flatt, filed this action on June 17, 2024, alleging violations of his civil rights. [Docket No. 2]. On September 16, 2024, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Docket No. 23]. Before the Court now is Plaintiff's Second Motion to Extend Service Deadline and Motion for Leave to Conduct Early Limited Discovery [Docket No. 34]. For the reasons set forth below, the undersigned Magistrate Judge finds the Motion should be GRANTED.

On September 16, 2024, the Court provided Plaintiff an additional thirty days to effectuate service upon Defendant O'Neal. Docket Nos. 25 & 26. Since that time, Plaintiff's counsel has: (i) inquired as to whether Defendant O'Neal's counsel is authorized to accept service on his behalf; (ii) hired a process server to serve Mr. O'Neal at what was believed to be his current residence, (iii) requested Defendant O'Neal's last known address from his counsel and Defendant Clardy's counsel, and (iv) hired a different process server

to serve Defendant O'Neal at the McCurtain County Sheriff's office who was subsequently informed that Defendant O'Neal "only works 8 hours a month." Docket No 34. Despite these attempts, Plaintiff has been unable to serve Defendant O'Neal and requests an additional thirty days to effectuate service and requests leave to engage in limited early discovery. Docket No. 34. Specifically, Plaintiff seeks to issue two interrogatories to Defendant Clardy, one inquiring as to Defendant O'Neal's work schedule for the next thirty days and another requesting his last known home address. Docket No. 34. Defendants do not object to Plaintiff's requested extension of time to serve Defendant O'Neal but do object to Plaintiff's request to conduct early limited discovery. Docket Nos. 34, 38.

Generally, "a party cannot commence discovery until after the Rule 26(f) conference has occurred[.]" *Knight v. Okla. Ex rel. Okla. Dep't of Pub. Safety*, 2022 WL 1091591, at *2 (N.D. Okla. Apr. 12, 2022). However, upon a showing of good cause "[t]he court may, in the exercise of its broad discretion, alter the timing, sequence and volume of discovery. *Qwest Communications Intern., Inc. v. WorldQuest Networks, Inc.*, 314 F.R.D. 418, 419 (D. Colo. 2003); *CGB Diversified Servs., Inc. v. Forsythe*, 2020 WL 2193114, at *1 (D. Kan. May 6, 2020) (noting the Court's broad discretion to permit early discovery in addition to shortening the time to respond to interrogatories.). In light of Plaintiff's efforts to serve Defendant O'Neal, and the fact that Defendant O'Neal is clearly aware of the present lawsuit as evidenced by his communications with his counsel, the Court finds good cause for Plaintiff to conduct early limited discovery unless Defendant O'Neal authorizes his counsel to accept service on his behalf.

If Plaintiff remains unable to serve Defendant O'Neal by December 2, 2024, Plaintiff shall detail any further efforts to effectuate service and may move for any further relief he deems necessary, such as service through alternative means or sanctions should it appear that Defendant O'Neal is intentionally evading service. *See Ali v. Tolbert*, 636 F.3d 622, 627 (D.C. Cir. 2011) ("[I]nherent authority . . . 'enables courts to protect their institutional integrity and to guard against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments.'") (quoting *Shephard v. Am. Broad. Cos.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995)).

Accordingly, Plaintiff's Second Motion to Extend Service Deadline and Motion for Leave to Conduct Early Limited Discovery [Docket No. 34] is hereby GRANTED. Plaintiff has until December 2, 2024, to effectuate service upon Defendant Mike O'Neal. Further, Plaintiff is authorized to conduct early discovery to serve two interrogatories on Defendant Clardy: one interrogatory seeking information pertaining to Defendant Mike O'Neal's schedule from the date of this Order through December 2nd, 2024, and the second interrogatory inquiring as to Defendant O'Neal's last known address. Defendant Clardy shall respond within five days of service of any such interrogatories.

IT IS SO ORDERED this 31st day of October 2024.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**